# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2021

Lyle W. Cayce
Clerk

No. 19-20665
Summary Calendar

Wayne Smith,

*Plaintiff—Appellant*,

*versus*

MTGLQ Investors, L.P.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1888

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Wayne Smith appeals the district court's dismissal of his case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Smith asserted claims of violation of the Fair Debt Collection Practices Act, negligence, fraudulent concealment,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

fraudulent inducement, slander of title, and rescission under the Truth in Lending Act. The relief he sought included a declaratory judgment, injunctive relief, and monetary damages.

We review "a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015) (internal quotation marks and citation omitted). Smith argues that the district court erred by dismissing the case without first requiring the defendant, MTGLQ Investors, L.P. (MTGLQ), to provide documents proving that it had the authority to foreclose on his property.

The Deed of Trust and assignment records relating to Smith's property were public records, and the district court was permitted to take judicial notice of those unrebutted records in granting MTGLQ's motion to dismiss. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Smith's argument fails to show that his allegations stated a claim upon which relief could be granted. *See MERSCORP*, 791 F.3d at 551; Fed. R. Civ. P. 12(b)(6). Smith does not brief any other argument challenging the district court's reasons for dismissing his claims, and he has thus waived any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to maintain them).

Accordingly, the district court's judgment is AFFIRMED. Smith's motion seeking an order to prevent the collection of payment from him is DENIED.